UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

TAREN TYLER,

                      Plaintiff,                      NOT FOR PUBLICATION

              v.                      **MEMORANDUM & ORDER**
                                          20-CV-1714 (MKB)

DETECTIVE JASON MAGGIO, Shield No. 7681,
and DETECTIVE JOHN O'LEARY, Shield No.
1340,

                      Defendants.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Taren Tyler, proceeding *pro se* and currently incarcerated at Clinton Correctional Facility, commenced the above-captioned action on February 10, 2020, in the United States District Court for the Southern District of New York (the "SDNY") against Defendants Detectives Jason Maggio and John O'Leary of the 25th Precinct of the New York City Police Department, asserting claims pursuant to 42 U.S.C. § 1983.  (Compl., Docket Entry No. 2.)  On March 9, 2020, the Chief Judge of the SDNY, Colleen McMahon, granted Plaintiff's application to proceed *in forma pauperis*, (Order dated Mar. 9, 2020, Docket Entry No. 5), and on March 30, 2020, Judge Mary Kay Vyskocil of the SDNY ordered that the case be transferred to this Court.[1]  (Order dated Mar. 31, 2020, Docket Entry No. 7.)  On April 2, 2020, the Court received Plaintiff's letter enclosing a "Motion to Request for Assignment of Counsel" and a

---

      [1]  The case was electronically transferred to the Eastern District of New York on April 7, 2020.  (Order dated Mar. 31, 2020, Docket Entry No. 8.)

separate "Affidavit Statement of Facts."  (Letter dated Mar. 20, 2020 ("Pl. Letter"), Docket Entry No. 8.)

For the reasons explained below, the Court denies Plaintiff's application for assignment of *pro bono* counsel, directs Plaintiff to file an amended complaint if he seeks to add new claims and/or Defendants to this action, and refers Plaintiff's claims against Detectives Maggio and O'Leary to Magistrate Judge Robert M. Levy for pretrial supervision.

## I.   Background

Plaintiff alleges that "the New York County District Attorney[']s Office used a sealed pens wire[]tap order for information to be retrieved from [the] phone carrier [M]etro [PCS]" and gave that information to Maggio and O'Leary "for the purpose of executing the unlawful forcible entry into [P]laintiff[']s residence."  (Pl. Aff. 2, annexed to Pl. Letter.)  Plaintiff also alleges that on March 7, 2017, Detectives Maggio and O'Leary broke down the door to his apartment at 22-45 Ft. Dix Avenue, #4F, in Far Rockaway, New York (the "Apartment"), forced their way into the Apartment without a warrant and immediately arrested him, and injured him as they handcuffed him.  (Compl. 3–4.)[2]  Plaintiff further alleges that "Maggi[o] and others placed their knees into the back of [his] neck" while arresting him, "causing several cuts and bruises" on his forehead.  (Pl. Aff. 3.)  Plaintiff seeks $500,000 in damages.  (Compl. 4.)

## II.   Discussion

### a.   Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

---

[2]  Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

Similarly, the Prison Litigation Reform Act requires the court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a)-(b); *Abbas*, 480 F.3d at 639 (discussing *sua sponte* standard of review under section 1915A for actions filed by prisoners).

**b.   The Court denies Plaintiff's motion for assignment of counsel**

Plaintiff seeks the assignment of *pro bono* counsel.  (Pl. Letter 4.)  There is no right to counsel in a civil case, *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir.

3

2013), and a district court cannot compel an attorney to represent a litigant in a civil case without a fee, *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301–02 (1989).  The Court has no authority to "assign" counsel in a civil action but instead, may only "request" that an attorney volunteer to represent a litigant.  *Id.* at 301–10.  Before granting an application requesting *pro bono* counsel, the court must consider the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).  Because it is too early in the proceedings for the Court to assess the merits of the action and whether Plaintiff can proceed unassisted, Plaintiff's motion is denied without prejudice to renewal at a later date.

### c.   Plaintiff's section 1983 claims

To maintain a claim brought under section 1983, a plaintiff must allege that the conduct complained of (1) was "committed by a person acting under color of state law" and (2) deprived the plaintiff "of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

### i.   Plaintiff has alleged a plausible claim against Detectives Maggio and O'Leary

Plaintiff alleges the personal involvement of Detectives Maggio and O'Leary in the violation of his constitutional rights — that they entered his home without a warrant, arrested

4

him, and caused injury to him during the arrest.  The Court therefore refers Plaintiff's claim

against Detectives Maggio and O'Leary to Judge Levy for pretrial supervision.

> ### ii.   The Court grants Plaintiff leave to amend the Complaint to add new claims and defendants

In a separate document titled "Affidavit Statement of Facts," Plaintiff appears to attempt

to add new claims and new defendants to this action.  (*See* Pl. Letter; Pl. Aff.)  In addition to the

allegations against Detectives Maggio and O'Leary, Plaintiff alleges that Assistant District

Attorney Branch and others conspired with Defendants to violate Plaintiff's constitutional rights

when they obtained information from his cellular telephone carrier.  (Pl. Aff. 5.)  Plaintiff also

alleges that the information allowed Defendants to execute an "unlawful forcible entry into

[P]laintiff[']s residence" on March 7, 2017.  (*Id.* at 6.)  Plaintiff further alleges a new claim of

malicious prosecution and contends that the Assistant District Attorneys acted in their

investigatory role.  (*Id.* at 5–6.)

Prosecutors performing duties related to their prosecutorial function are protected by

absolute immunity.  *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are

absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in

presenting the State's case." (citations and internal quotation marks omitted)); *McDonough v.

Smith*, 898 F.3d 259, 269 (2d Cir. 2018) ("Prosecutors are protected by absolute immunity for

their acts that are 'intimately associated with the judicial phase of the criminal process' and their

role as advocates." (quoting *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013)));

*Nunez v. City of New York*, 735 F. App'x 756, 760 (2d Cir. 2018) (affirming dismissal of claims

against prosecutor for conduct pertaining to role as an advocate in judicial proceedings); *Byrne v.

City of New York*, 736 F. App'x 263, 265 (2d Cir. 2018) (same); *Shmueli v. City of New York*,

424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties

in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under §

1983" (citations omitted)).

"[T]o prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff

must show a violation of his rights under the Fourth Amendment, and must establish the

elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*,

612 F.3d 149, 160–61 (2d Cir. 2010) (citations and internal quotation marks omitted).  In a claim

for malicious prosecution under section 1983, the plaintiff must also show "that there was . . . a

sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment

rights." *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000); *see also Coleman v.*

*City of New York*, 688 F. App'x 56, 58 n.1 (2d Cir. 2017) ("The tort of malicious prosecution

relates to deprivations of liberty pursuant to legal process — meaning either post-arraignment or

as a result of [an] arrest pursuant to warrant." (citing *Singer v. Fulton County Sheriff*, 63 F.3d

110, 116–17 (2d Cir. 1995))).  Under New York law, the elements of a malicious prosecution

claim are "(1) the initiation or continuation of a criminal proceeding against [the] plaintiff;

(2) termination of the proceeding in [the] plaintiff's favor; (3) lack of probable cause for

commencing the proceeding; and (4) actual malice as a motivation for [the] defendant's actions."

*Morris v. Silvestre*, 604 F. App'x 22, 24 (2d Cir. 2015) (quoting *Manganiello*, 612 F.3d at 161);

*Torres v. Jones*, 26 N.Y.3d 742, 760 (2016).

Although Plaintiff asserts that the prosecutors were acting in an investigatory capacity, he

does not allege that the prosecution terminated in his favor.  Accordingly, based on the facts

alleged, Plaintiff fails to state a plausible malicious prosecution claim.  28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii).

### d.  Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.  To the extent that Plaintiff seeks to pursue a malicious prosecution claim, Plaintiff must allege facts that support the elements of the claim and identify the individual(s) who personally violated his constitutional rights while acting under color of state law.  Plaintiff must identify such individuals as defendants in both the caption and the body of the amended complaint.

If Plaintiff amends the Complaint within thirty days, the amended complaint will completely replace the original complaint.  That is, the amended complaint must stand on its own without reference to the original Complaint and must contain the same claims and Defendants as in the original Complaint and also include the new claims and defendants.  If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

## III.  Conclusion

For the reasons set forth above, the Court denies Plaintiff's motion for *pro bono* counsel without prejudice to renewal.

The Court directs Plaintiff to file an amended complaint within thirty (30) days should he wish to include additional claims or additional defendants.  The Clerk of Court is directed to send Plaintiff a form complaint for prisoner's civil rights actions.  If Plaintiff fails to timely file

an amended complaint, the original Complaint against Detectives Maggio and O'Leary shall

proceed to pretrial supervision before Judge Levy.

The Court also directs the Clerk of Court to issue a summons to each Defendant, and

directs the United States Marshals Service (the "Marshals") to serve the Summons and

Complaint on Detectives Maggio and O'Leary without prepayment of fees.  Because

Administrative Order No. 2020-12 suspends the service of process by the Marshals during the

current national COVID-19 emergency, the Court directs the Clerk of Court to stay service by

the Marshals pursuant to Administrative Order 2020-12.  Once service of process is reinstated,

the Marshals shall serve the Summons, Complaint, and this Memorandum and Order on

Detectives Maggio and O'Leary.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Memorandum and Order would not be taken in good faith and *in forma pauperis* status is

therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438,

444–45 (1962).

Dated: June 4, 2020
       Brooklyn, New York

                                        SO ORDERED:


                                        ____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge

8