F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 2 5 2020   ★

Received by the Pro Se Office 6/25/2020-KC

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

Taren Tyler,

Plaintiff,

v.

Det. Jason Maggio,
Det. Michael O'Leary,
(E)mergency (S)ervice (Unit),
ADA Jaime Kleidman,
John Does                          Defendants.

———————————————————————

AMENDED CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 USC 1983

1: 20-cv-1714 (MKB)(RML)

Jury Demand
yes _x_   no ___

Pro Bono Attorney Needed
yes _x_   no ___

Plaintiff in the above-entitled action, alleges as follows:

## I. JURISDICTION AND VENUE

1)    This is a Civil Rights Action pursuant to 42 USC 1983, filed by plaintiff, Taren Tyler.

Plaintiff is currently confined at Clinton Correctional Facility, P.O. Box 2001, Dannemora, N.Y., 12929.

## II. DEFENDANTS

2)    Detective Jason Maggio

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

3)    Detective Michael O'Leary

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

4)    (E)mergency (S)ervice (U)nit {John Does}: Police Tactical Unit

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

5)    Jaime Kleidman : Assistant District Attorney

       Address: 1 Hogan Place, New York, NY

6)      Unknown John Doe

### III. STATEMENT OF FACTS

7)      Respectfully, Plaintiff Taren Tyler in the matter before the court, case #

120.CV.01242.CM, in reference now wishes to produce for the record a statement of facts which

occurred on or about March 7, 2017.

8)      Plaintiff duly swears that these incidents did occur, further that, these incidents do

substantiate ground for excessive force and malicious prosecution, several substantial violations

of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution.

9)      New York County Assistant District Attorney Jaime Kleidman, Et. Al., did authorize and

conspire with NYC detectives O,Leary and Maggio to unlawfully seize plaintiff's person without

warrant based on established due process procedure causing officers to enter into plaintiff's

private domicile unlawfully using excessive force  without arrest or search warrant causing injury

to plaintiff's head, neck and shoulder.

10)     On March 2, 2017, written in request for phone records, New York County Assistant

District Attorney Jaime Kleidman, Et. Al., did authorize  New York City Police Detective

Maggio, Detective O'Leary, and other unknown New York County Police Detectives from

Precinct #25 to unlawfully use GPS location and wire taps and pen subpoena to locate and arrest

plaintiff without warrant whereas subpoena to Metro PCS phone carrier was for investigative

purposes only. This was not a warrant for arrest, seizure or search of any residence which is what

they ultimately were used for.

11)     Jaime Kleidman of New York County District Attorney's Office did give police Detective

2

Maggio and Detective O'Leary this information received from Metro PCS phone carrier for the purpose of executing the unlawful forcible entry into plaintiff's residence on March 7, 2017. This unlawful act did constitute an arrest for the purpose of the Fourth Amendment of the Constitution of the United States.

## IV. STATEMENT OF LEGAL CLAIMS

12)     On March 2, 2017, Jaime Kleidman authorized Det. Jason Maggio and Det. O'Leary to "apprehend" plaintiff which is written inside of a Request for Permission to wire tap/record GPS longitude latitude coordinates in the subpoena which directed phone carrier Metro PCS; in the form of the Oath on Affirmation written by defendant Jaime Kleidman specifically stating "Records would be used to locate and apprehend." Plaintiff avers that this was done intentionally without any warrant violating plaintiff's due process/privacy rights causing him to suffer emotional and physical injury.

13)     Agents of the New York County District Attorney's Office, including Assistant District Attorney Jaime Kleidman, while functioning in an investigatory capacity, not in any quasi-judicial capacity did violate the plaintiff's substantial rights, causing the plaintiff physical injury, emotional stress, and loss of wages. Therefore, defendant should not be shielded by the absolute immunity rule which could be used if defendants were lawfully acting in a judicial capacity under the lawful authority of a detached magistrate and with valid warrant, (see; Marreo v. Hialeah, 1980, CA, 5. fla), reversed, 40 U.S. 913, 63 L. Ed. 2d 337, 101 S.Ct. 1353. In the aforementioned case above, prosecutor assisted police in an illegal search and seizure; the Court ruled that this conduct happened outside of the courtroom and before judicial proceedings begun, thus allowing for civil action to be taken, that the facts of this case are the same in that. Plaintiff avers that New

York County District Attorney Jaime Kleidman used this sealed pens wire tap order with written

expressed purposes to locate/apprehend the plaintiff which authorized detectives to forcibly gain

entry unlawfully into plaintiff's residence without necessary search and/or arrest warrants based

on probable cause.

14)    On March 7, 2017, at approximately 5:30am; Det. Jason Maggio, Det. O'Leary and

unknown Emergency Service Units with tactical gear and body cameras using phone GPS from

prosecutor to locate plaintiff, broke peephole and used flashlights to see inside while plaintiff

was still asleep. These defendants/officers proceeded to break into plaintiff's front door at 22-45

Dix Avenue, apartment #4, Far Rockaway, New York; completely off the hinges.

15)    After breaking down the door, Detectives Maggio and O'Leary and other unknown E.S.U.

officers proceeded to physically attack plaintiff by hitting roughly and pinning plaintiff to the

floor, after he was handcuffed, forcing plaintiff's face to the floor, pressing their knees together

on the head, neck, and back of plaintiff for several minutes causing plaintiff to lose

consciousness and suffer several cuts and bruises to face and forehead.

16)    As plaintiff observed several officers searching the entire apartment, plaintiff's phone and

house keys were removed from his residence also. Plaintiff asked "Why am I being arrested?" At

which time Detective Maggio replied, "You know what you did. Just go to court and fight your

case like a man." Plaintiff was taken to a police van and taken to the 25th Precinct where he was

placed inside a holding cell and after hours, was taken to Central Booking.

17)    According to Barron's Legal Guides Law Dictionary, 7th Edition, "malice" includes

conscious negligence from a state of mind that accompanies the intentional doing of a wrongful

4

act without justification or excuse. The intent to cause the very harm that results or some harm of the same general nature. An act done in disregard to the plain and strong likelihood that such harm will result.

18)   Plaintiff avers that Assistant District Attorneys acting in an investigatory role, working for the New York County District Attorney's Office, Jaime Kleidman, Esq. consciously an maliciously acted recklessly violating plaintiff's rights to privacy, due process and equal protection under the United States Constitution 4th, 5th, and 14th Amendments; all of this happened before initiating judicial process by filing charges or issuing arrest warrant.

19)   These defendants (prosecutor and detectives) also conspired to "cover up" flagrant use of excessive force and unlawful entry violations after the fact of the arrest by falsifying arrest reports and voluntary disclosure forms later on by adding that the arrest location address was 221 East 123 Street, New York, NY - into the records, (see Exhibit ___), instead of the correct location of what constituted plaintiff's actual arrest location: 22-45 Dix Avenue ; #4F, Far Rockaway.

20)   This prosecutor conscious negligence failed to justify or correct this constitutional violation, failing also to investigate the circumstances surrounding plaintiff's unlawful arrest. Therefore, Jaime Kleidman is also responsible for violating plaintiff's rights to equal protection, privacy, and security in his home as well as his due process rights under law.

21)   Plaintiff avers no charges were filed and no warrants were issued to initiate criminal prosecution until after these acts were carried out on March 7, 2017 by defendants. Although plaintiff is continuing to combat these allegations through the legal appeals process, there has been sufficient post arrest and post arraignment liberty restraint as a result of this unlawful arrest.

22)    Plaintiff has endured permanent facial scarring and injury to shoulder as well as loss of

employment as a result of this unlawful arrest. Plaintiff did file a complaint to Civilian

Complaint Board under #201-908-947, after the incident, as well as several other complaints to

Grievance Committee.


WHEREFORE, Plaintiff prays for judgment in his favor and damages in his favor against

all defendants in an amount sufficient to compensate him for punitive, physical, and emotional

anguish suffered by him and loss of wages due to the above-mentioned actions of defendants, but

in no event less than $1,000,000.00 (one million dollars). Plaintiff additionally request that all

defendants involved should be penalized by way of removal from their post and as such

additional relief as the Court may deem just and proper.


I declare under penalty of perjury that on June 22, 2020, I delivered this complaint to

prison authorities at Clinton Correctional Facility, PO Box 2001, Dannemora, New York, 12929,

to be mailed to the United States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __**6-22**__, 2020.

Respectfully submitted,

Taren Tyler #19A1331
Plaintiff [pro se]
Clinton Corr. Facility
P.O. Box 2001
Dannemora, NY 12929

Sworn to before me this 22nd
Day of _____ 2020
_____ Notary Public

Mark J. Wilson
Notary Public, State of New York
No. 01WI6354425
Qualified in Clinton County
Commission Expires 02/06/ 2021

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF CLINTON   )

I, Taren Tyler, being duly sworn, deposes and says:

1) That I am the Plaintiff in the above captioned proceeding, and as such, I am fully

familiar with all those facts and circumstance recited herein, and affirm them as true and correct

under the penalty of perjury, except as to matters stated to be based upon information and belief.

2) On this 22 day of June , 2020, I have placed and submitted true and exact copies of my

Amended Civil Rights Complaint and Affidavit of Service within mailbox at Clinton Corr.

Facility, P.O. Box 2001, Dannemora, NY 12929 for service upon the following parties:

> Clerk, US District Court
> Eastern District of New York
> 225 Cadman Plaza East
> Brooklyn, NY 11201
> Attn: Pro Se Office

3) Service upon the aforementioned parties has occurred on date of notarization.

Respectfully submitted,

Taren Tyler #19A1331
Plaintiff [pro se]
Clinton Corr. Facility
P.O. Box 2001
Dannemora, NY 12929

Sworn to before me this
22nd day of June 2020.

Notary Public

Mark J. Wilson
Notary Public, State of New York
No. 01WI6354425
Qualified in Clinton County
Commission Expires 02/06/2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Taren Tyler,

                      Plaintiff,

        v.

Det. Jason Maggio,
Det. Michael O'Leary,
(E)mergency (S)ervice (Unit),
ADA Jaime Kleidman,
John Does               Defendants.

AMENDED CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 USC 1983

1: 20-cv-1714 (MKB)(RML)

Jury Demand
yes _x_   no ___

Pro Bono Attorney Needed
yes _x_   no ___

Plaintiff in the above-entitled action, alleges as follows:

## I. JURISDICTION AND VENUE

1)     This is a Civil Rights Action pursuant to 42 USC 1983, filed by plaintiff, Taren Tyler.

Plaintiff is currently confined at Clinton Correctional Facility, P.O. Box 2001, Dannemora, N.Y.,

12929.

## II. DEFENDANTS

2)     Detective Jason Maggio

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

3)     Detective Michael O'Leary

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

4)     (E)mergency (S)ervice (U)nit {John Does}: Police Tactical Unit

       Address: #25 Precinct; East 221 - 123rd Street, New York, NY

5)     Jaime Kleidman : Assistant District Attorney

       Address: 1 Hogan Place, New York, NY

6)     Unknown John Doe

### III. STATEMENT OF FACTS

7)     Respectfully, Plaintiff Taren Tyler in the matter before the court, case #

120.CV.01242.CM, in reference now wishes to produce for the record a statement of facts which

occurred on or about March 7, 2017.

8)     Plaintiff duly swears that these incidents did occur, further that, these incidents do

substantiate ground for excessive force and malicious prosecution, several substantial violations

of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution.

9)     New York County Assistant District Attorney Jaime Kleidman, Et. Al., did authorize and

conspire with NYC detectives O,Leary and Maggio to unlawfully seize plaintiff's person without

warrant based on established due process procedure causing officers to enter into plaintiff's

private domicile unlawfully using excessive force  without arrest or search warrant causing injury

to plaintiff's head, neck and shoulder.

10)     On March 2, 2017, written in request for phone records, New York County Assistant

District Attorney Jaime Kleidman, Et. Al., did authorize  New York City Police Detective

Maggio, Detective O'Leary, and other unknown New York County Police Detectives from

Precinct #25 to unlawfully use GPS location and wire taps and pen subpoena to locate and arrest

plaintiff without warrant whereas subpoena to Metro PCS phone carrier was for investigative

purposes only. This was not a warrant for arrest, seizure or search of any residence which is what

they ultimately were used for.

11)     Jaime Kleidman of New York County District Attorney's Office did give police Detective

2

Maggio and Detective O'Leary this information received from Metro PCS phone carrier for the purpose of executing the unlawful forcible entry into plaintiff's residence on March 7, 2017. This unlawful act did constitute an arrest for the purpose of the Fourth Amendment of the Constitution of the United States.

## IV. STATEMENT OF LEGAL CLAIMS

12)     On March 2, 2017, Jaime Kleidman authorized Det. Jason Maggio and Det. O'Leary to "apprehend" plaintiff which is written inside of a Request for Permission to wire tap/record GPS longitude latitude coordinates in the subpoena which directed phone carrier Metro PCS; in the form of the Oath on Affirmation written by defendant Jaime Kleidman specifically stating "Records would be used to locate and apprehend." Plaintiff avers that this was done intentionally without any warrant violating plaintiff's due process/privacy rights causing him to suffer emotional and physical injury.

13)     Agents of the New York County District Attorney's Office, including Assistant District Attorney Jaime Kleidman, while functioning in an investigatory capacity, not in any quasi-judicial capacity did violate the plaintiff's substantial rights, causing the plaintiff physical injury, emotional stress, and loss of wages. Therefore, defendant should not be shielded by the absolute immunity rule which could be used if defendants were lawfully acting in a judicial capacity under the lawful authority of a detached magistrate and with valid warrant, (see; Marreo v. Hialeah, 1980, CA, 5. fla), reversed, 40 U.S. 913, 63 L. Ed. 2d 337, 101 S.Ct. 1353. In the aforementioned case above, prosecutor assisted police in an illegal search and seizure; the Court ruled that this conduct happened outside of the courtroom and before judicial proceedings begun, thus allowing for civil action to be taken, that the facts of this case are the same in that. Plaintiff avers that New

3

York County District Attorney Jaime Kleidman used this sealed pens wire tap order with written

expressed purposes to locate/apprehend the plaintiff which authorized detectives to forcibly gain

entry unlawfully into plaintiff's residence without necessary search and/or arrest warrants based

on probable cause.

14)    On March 7, 2017, at approximately 5:30am; Det. Jason Maggio, Det. O'Leary and

unknown Emergency Service Units with tactical gear and body cameras using phone GPS from

prosecutor to locate plaintiff, broke peephole and used flashlights to see inside while plaintiff

was still asleep. These defendants/officers proceeded to break into plaintiff's front door at 22-45

Dix Avenue, apartment #4, Far Rockaway, New York; completely off the hinges.

15)    After breaking down the door, Detectives Maggio and O'Leary and other unknown E.S.U.

officers proceeded to physically attack plaintiff by hitting roughly and pinning plaintiff to the

floor, after he was handcuffed, forcing plaintiff's face to the floor, pressing their knees together

on the head, neck, and back of plaintiff for several minutes causing plaintiff to lose

consciousness and suffer several cuts and bruises to face and forehead.

16)    As plaintiff observed several officers searching the entire apartment, plaintiff's phone and

house keys were removed from his residence also. Plaintiff asked "Why am I being arrested?" At

which time Detective Maggio replied, "You know what you did. Just go to court and fight your

case like a man." Plaintiff was taken to a police van and taken to the 25th Precinct where he was

placed inside a holding cell and after hours, was taken to Central Booking.

17)    According to Barron's Legal Guides Law Dictionary, 7th Edition, "malice" includes

conscious negligence from a state of mind that accompanies the intentional doing of a wrongful

4

act without justification or excuse. The intent to cause the very harm that results or some harm of the same general nature. An act done in disregard to the plain and strong likelihood that such harm will result.

18)　　Plaintiff avers that Assistant District Attorneys acting in an investigatory role, working for the New York County District Attorney's Office, Jaime Kleidman, Esq. consciously an maliciously acted recklessly violating plaintiff's rights to privacy, due process and equal protection under the United States Constitution 4th, 5th, and 14th Amendments; all of this happened before initiating judicial process by filing charges or issuing arrest warrant.

19)　　These defendants (prosecutor and detectives) also conspired to "cover up" flagrant use of excessive force and unlawful entry violations after the fact of the arrest by falsifying arrest reports and voluntary disclosure forms later on by adding that the arrest location address was 221 East 123 Street, New York, NY - into the records, (see Exhibit ___ ), instead of the correct location of what constituted plaintiff's actual arrest location: 22-45 Dix Avenue ; #4F, Far Rockaway.

20)　　This prosecutor conscious negligence failed to justify or correct this constitutional violation, failing also to investigate the circumstances surrounding plaintiff's unlawful arrest. Therefore, Jaime Kleidman is also responsible for violating plaintiff's rights to equal protection, privacy, and security in his home as well as his due process rights under law.

21)　　Plaintiff avers no charges were filed and no warrants were issued to initiate criminal prosecution until after these acts were carried out on March 7, 2017 by defendants. Although plaintiff is continuing to combat these allegations through the legal appeals process, there has been sufficient post arrest and post arraignment liberty restraint as a result of this unlawful arrest.

5

22)     Plaintiff has endured permanent facial scarring and injury to shoulder as well as loss of

employment as a result of this unlawful arrest. Plaintiff did file a complaint to Civilian

Complaint Board under #201-908-947, after the incident, as well as several other complaints to

Grievance Committee.


WHEREFORE, Plaintiff prays for judgment in his favor and damages in his favor against

all defendants in an amount sufficient to compensate him for punitive, physical, and emotional

anguish suffered by him and loss of wages due to the above-mentioned actions of defendants, but

in no event less than $1,000,000.00 (one million dollars). Plaintiff additionally request that all

defendants involved should be penalized by way of removal from their post and as such

additional relief as the Court may deem just and proper.


I declare under penalty of perjury that on June 22, 2020, I delivered this complaint to

prison authorities at Clinton Correctional Facility, PO Box 2001, Dannemora, New York, 12929,

to be mailed to the United States District Court for the Eastern District of New York.

6

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __6-22__, 2020.

Respectfully submitted,

Taren Tyler #19A1331
Plaintiff [pro se]
Clinton Corr. Facility
P.O. Box 2001
Dannemora, NY 12929

Sworn to before me this ___
Day of _____ 2020
Notary Public

Mark J. Wilson
Notary Public, State of New York
No. 01WI6354425
Qualified in Clinton County
Commission Expires 02/06/_2021_

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Taren Tyler,

                                   Plaintiff,

                    v.

Det. Jason Maggio,
Det. Michael O'Leary,
(E)mergency (S)ervice (Unit),
ADA Jaime Kleidman,
John Does                          Defendants.

---

AMENDED CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 USC 1983

1: 20-cv-1714 (MKB)(RML)

Jury Demand
yes _x_  no ___

Pro Bono Attorney Needed
yes _x_  no ___

Plaintiff in the above-entitled action, alleges as follows:

## I. JURISDICTION AND VENUE

1)    This is a Civil Rights Action pursuant to 42 USC 1983, filed by plaintiff, Taren Tyler.

Plaintiff is currently confined at Clinton Correctional Facility, P.O. Box 2001, Dannemora, N.Y.,

12929.

## II. DEFENDANTS

2)    Detective Jason Maggio

      Address: #25 Precinct; East 221 - 123rd Street, New York, NY

3)    Detective Michael O'Leary

      Address: #25 Precinct; East 221 - 123rd Street, New York, NY

4)    (E)mergency (S)ervice (U)nit {John Does}: Police Tactical Unit

      Address: #25 Precinct; East 221 - 123rd Street, New York, NY

5)    Jaime Kleidman : Assistant District Attorney

      Address: 1 Hogan Place, New York, NY

6)     Unknown John Doe

### III. STATEMENT OF FACTS

7)     Respectfully, Plaintiff Taren Tyler in the matter before the court, case #

120.CV.01242.CM, in reference now wishes to produce for the record a statement of facts which

occurred on or about March 7, 2017.

8)     Plaintiff duly swears that these incidents did occur, further that, these incidents do

substantiate ground for excessive force and malicious prosecution, several substantial violations

of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution.

9)     New York County Assistant District Attorney Jaime Kleidman, Et. Al., did authorize and

conspire with NYC detectives O,Leary and Maggio to unlawfully seize plaintiff's person without

warrant based on established due process procedure causing officers to enter into plaintiff's

private domicile unlawfully using excessive force  without arrest or search warrant causing injury

to plaintiff's head, neck and shoulder.

10)     On March 2, 2017, written in request for phone records, New York County Assistant

District Attorney Jaime Kleidman, Et. Al., did authorize  New York City Police Detective

Maggio, Detective O'Leary, and other unknown New York County Police Detectives from

Precinct #25 to unlawfully use GPS location and wire taps and pen subpoena to locate and arrest

plaintiff without warrant whereas subpoena to Metro PCS phone carrier was for investigative

purposes only. This was not a warrant for arrest, seizure or search of any residence which is what

they ultimately were used for.

11)     Jaime Kleidman of New York County District Attorney's Office did give police Detective

2

Maggio and Detective O'Leary this information received from Metro PCS phone carrier for the purpose of executing the unlawful forcible entry into plaintiff's residence on March 7, 2017. This unlawful act did constitute an arrest for the purpose of the Fourth Amendment of the Constitution of the United States.

## IV. STATEMENT OF LEGAL CLAIMS

12)     On March 2, 2017, Jaime Kleidman authorized Det. Jason Maggio and Det. O'Leary to "apprehend" plaintiff which is written inside of a Request for Permission to wire tap/record GPS longitude latitude coordinates in the subpoena which directed phone carrier Metro PCS; in the form of the Oath on Affirmation written by defendant Jaime Kleidman specifically stating "Records would be used to locate and apprehend." Plaintiff avers that this was done intentionally without any warrant violating plaintiff's due process/privacy rights causing him to suffer emotional and physical injury.

13)     Agents of the New York County District Attorney's Office, including Assistant District Attorney Jaime Kleidman, while functioning in an investigatory capacity, not in any quasi-judicial capacity did violate the plaintiff's substantial rights, causing the plaintiff physical injury, emotional stress, and loss of wages. Therefore, defendant should not be shielded by the absolute immunity rule which could be used if defendants were lawfully acting in a judicial capacity under the lawful authority of a detached magistrate and with valid warrant, (see; Marreo v. Hialeah, 1980, CA, 5. fla), reversed, 40 U.S. 913, 63 L. Ed. 2d 337, 101 S.Ct. 1353. In the aforementioned case above, prosecutor assisted police in an illegal search and seizure; the Court ruled that this conduct happened outside of the courtroom and before judicial proceedings begun, thus allowing for civil action to be taken, that the facts of this case are the same in that. Plaintiff avers that New

3

York County District Attorney Jaime Kleidman used this sealed pens wire tap order with written

expressed purposes to locate/apprehend the plaintiff which authorized detectives to forcibly gain

entry unlawfully into plaintiff's residence without necessary search and/or arrest warrants based

on probable cause.

14)     On March 7, 2017, at approximately 5:30am; Det. Jason Maggio, Det. O'Leary and

unknown Emergency Service Units with tactical gear and body cameras using phone GPS from

prosecutor to locate plaintiff, broke peephole and used flashlights to see inside while plaintiff

was still asleep. These defendants/officers proceeded to break into plaintiff's front door at 22-45

Dix Avenue, apartment #4, Far Rockaway, New York; completely off the hinges.

15)     After breaking down the door, Detectives Maggio and O'Leary and other unknown E.S.U.

officers proceeded to physically attack plaintiff by hitting roughly and pinning plaintiff to the

floor, after he was handcuffed, forcing plaintiff's face to the floor, pressing their knees together

on the head, neck, and back of plaintiff for several minutes causing plaintiff to lose

consciousness and suffer several cuts and bruises to face and forehead.

16)     As plaintiff observed several officers searching the entire apartment, plaintiff's phone and

house keys were removed from his residence also. Plaintiff asked "Why am I being arrested?" At

which time Detective Maggio replied, "You know what you did. Just go to court and fight your

case like a man." Plaintiff was taken to a police van and taken to the 25th Precinct where he was

placed inside a holding cell and after hours, was taken to Central Booking.

17)     According to Barron's Legal Guides Law Dictionary, 7th Edition, "malice" includes

conscious negligence from a state of mind that accompanies the intentional doing of a wrongful

act without justification or excuse. The intent to cause the very harm that results or some harm of the same general nature. An act done in disregard to the plain and strong likelihood that such harm will result.

18)     Plaintiff avers that Assistant District Attorneys acting in an investigatory role, working for the New York County District Attorney's Office, Jaime Kleidman, Esq. consciously an maliciously acted recklessly violating plaintiff's rights to privacy, due process and equal protection under the United States Constitution 4th, 5th, and 14th Amendments; all of this happened before initiating judicial process by filing charges or issuing arrest warrant.

19)     These defendants (prosecutor and detectives) also conspired to "cover up" flagrant use of excessive force and unlawful entry violations after the fact of the arrest by falsifying arrest reports and voluntary disclosure forms later on by adding that the arrest location address was 221 East 123 Street, New York, NY - into the records, (see Exhibit ___), instead of the correct location of what constituted plaintiff's actual arrest location: 22-45 Dix Avenue ; #4F, Far Rockaway.

20)     This prosecutor conscious negligence failed to justify or correct this constitutional violation, failing also to investigate the circumstances surrounding plaintiff's unlawful arrest. Therefore, Jaime Kleidman is also responsible for violating plaintiff's rights to equal protection, privacy, and security in his home as well as his due process rights under law.

21)     Plaintiff avers no charges were filed and no warrants were issued to initiate criminal prosecution until after these acts were carried out on March 7, 2017 by defendants. Although plaintiff is continuing to combat these allegations through the legal appeals process, there has been sufficient post arrest and post arraignment liberty restraint as a result of this unlawful arrest.

5

22)    Plaintiff has endured permanent facial scarring and injury to shoulder as well as loss of

employment as a result of this unlawful arrest. Plaintiff did file a complaint to Civilian

Complaint Board under #201-908-947, after the incident, as well as several other complaints to

Grievance Committee.


WHEREFORE, Plaintiff prays for judgment in his favor and damages in his favor against

all defendants in an amount sufficient to compensate him for punitive, physical, and emotional

anguish suffered by him and loss of wages due to the above-mentioned actions of defendants, but

in no event less than $1,000,000.00 (one million dollars). Plaintiff additionally request that all

defendants involved should be penalized by way of removal from their post and as such

additional relief as the Court may deem just and proper.


I declare under penalty of perjury that on June 22, 2020, I delivered this complaint to

prison authorities at Clinton Correctional Facility, PO Box 2001, Dannemora, New York, 12929,

to be mailed to the United States District Court for the Eastern District of New York.

6

I declare under penalty of perjury that the foregoing is true and correct.


Dated: **6-22** _____, 2020.


Respectfully submitted,

Taren Tyler #19A1331
Plaintiff [pro se]
Clinton Corr. Facility
P.O. Box 2001
Dannemora, NY 12929

Sworn to before me this **22nd**
Day of **June** **2020**
Notary Public

Mark I. Wilson
Notary Public, State of New York
No. 01WI6354425
Qualified in Clinton County
Commission Expires 02/06/**2021**


7